MAY 13, 1802.

# Jacob Shult v. Charles Travis.

*Upon a writ of error to reverse a judgment of the Court of Quarter Sessions of Ohio county.*

. The objection that copies of the award, which was made the judgment of the court, were not delivered to the parties, must be presented to and acted on by the lower court before it can be considered here.

It seems to the court that the first, second, and sixth errors assigned do not exist, and that the fourth, fifth, and seventh are not material.  So that it only remains to decide on the third, as

Shult *v.* Travis.

deserving of more particular attention, it is as follows: copies of
the award on which this judgment is founded were not delivered
to the parties.   From the act concerning awards, several things
are required of arbitrators either expressly or by implication,
which neither that act nor the general principles of law require
to be stated in an award such as issuing subpenas for witnesses
on application of either of the parties, giving notice to the parties
or their agents of the time and place of meeting to hear their alle-
gations and testimony, delivering copies of the award to each of
the parties, etc.   And yet the omission of any of them may be
sufficient cause of objection to making the award the judgment of
the court to which it is returned.   From these considerations the
inference is rational, that when an award is returned to the court
then is the proper time to make such objections; and that on an
appeal or writ of error to reverse the judgment of the court entered
up thereon, an objection of the kind can be of no avail unless it
appears from a bill of exceptions that the objection was well
founded, and unjustly overruled by the court below.   This infer-
ence is further evinced by that clause in the act which prohibits
an award from being validated unless it shall be made to appear
to the court below that it was obtained by corruption, evident
partiality, or any other undue means.   And to these considera-
tions might be added, that matters of fact can not be contested in
a court of revision, in any case which is not expressly permitted
by law, therefore it seems proper to presume that on an appeal
from a writ of error on a judgment founded on an award, that all
the proceedings of the arbitrators were satisfactory to the parties;
or that any objections thereto which might have been made had
been waived by them, where the contrary does not appear from
the record.   Provided, however, it appears from the award that
the arbitrators were sworn as the law requires, to give them juris-
diction of the cause; and that the parties or their agents had
notice of the time and place, or were present when the award was
made, to give them an opportunity of knowing when it would be
returned to court.   Therefore, it is considered by the court, that
the judgment aforesaid be affirmed, that the defendant may pro-
ceed to have the benefit of the same in the court below, and
recover of the plaintiff ten per centum damages on the amount
thereof, together with his costs in this behalf expended, which
is ordered to be certified to the said court.