Hicholson, 0. J.,
delivered tie opinion of the Court.
Suit was brought before a Justice of the Peace on the following bill single:'
“ Twelve months after date, we, or either of us, promise to pay J. T. Heblett, or order, one hundred dollars, with interest from the date, in Tennessee money. 'Witness our hands and seals, this 23d December, 1863.” W. B. G-eove, [seal.]
W. 33. TayloR, [seal.]
After judgment for plaintiff before the Justice of the Peace, the cause was taken by certiorari to the Circuit Court. Hpon the trial' of the cause, the defendant offered to pr<w<3 the relative value of Tennessee Bank notes and Hnited States currency, at the time when the note fell due. Obi jection to the evidence was sustained by the Circuit Judge, who charged the jury, that “ if they found that the defendant owed the note, plaintiff would be entitled to recover the face of the note and interest thereon. That the term Tennessee money did not mean Tennessee Bank notes, but meant money that was current in Tennessee, or par funds.”
The jury found in accordance with the- charge, and. from' the judgment rendered thereon defendant appealed.
There was no error in. the -exclusion by the Circuit Judge of the proof offered, to show what *493 the parties meant by the words “Tennessee money.” The construction of the contract was a matter for the court, upon the language- used by the parties in reducing their agreement to writing. The governing principle of construction of contracts is the intention of the parties. The sense in which they mutually understood it is that which must control in its enforcement. To ascertain the intention of parties, it is legitimate to look to their situation at the time and to the surrounding circumstances: McNairy v. Thompson, 1 Sneed, 141.
Applying these rules of construction, what was the sense in which the parties mutually understood the words “Tennessee money,” when they adopted them in their contract? The Circuit Judge answers this question by saying, that they did not mean Tennessee Bank notes, but money that was current in Tennessee, or par funds. He construes the word “money” as a circulating medium, that was at par — that is, equal in value to gold or United States Treasury notes. This is substantially the meaning of “money,” as a generic term. But this being so, still, like all other words, its meaning will be modified by accompanying words or phrases. Here the accompanying word is “Tennessee” — then the parties meant “Tennessee money.” The word “Tennessee” was used to qualify and describe the kind of money, in which the note was intended to be paid. There was not thfh, and never was any other money, answering to the description of Tennessee money, except the notes of *494 banks issued under the authority of Tennessee. Tennessee Bank notes, therefore, were intended by the .parties by the phrase “Tennessee money.” The payors agreed to pay one hundred Tennessee Bank note dollars, and having failed to do so, the payee was entitled to recover their value, at the time the note matured. It follows, that the Circuit Judge was in error in excluding the proof as to the value of Tennessee Bank notes, and in his charge as to the construction of the contract.
The judgment below is reversed, and the cause remanded for a new trial.